In Re: Judith Frawley, L.P.N. et al., and Nancy Fragassi, Party Appellee *v.* Michael J. Downing, Appellant.
In Re: Doctor Eugene DiSalvo et al. Medical Education and Licensure. Michael J. Downing, Appellant. Commonwealth of Pennsylvania, Medical Education and Licensure Board.

Argued June 7, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER and BLATT. Judges KRAMER and ROGERS did not participate.

*Michael J. Downing,* appellant, for himself.

*Alan M. Bredt,* Deputy Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, October 8, 1976:

On or about July 2, 1974, Michael J. Downing filed a sworn complaint with the Bureau of Professional and Occupational Affairs (Bureau) demanding the revocation of the professional licenses of a doctor, two physical therapists and various nurses all of whom Downing alleges were grossly unprofessional in treating him during a hospitalization in 1973. On October 2, 1975, after having investigated his complaint, the Bureau directed a letter to Downing on behalf of the Medical Education and Licensure Board and the State Board of Nurse Examiners (Professional Boards), the agencies within the Bureau directly concerned with regulation of the professions here involved, and informed him that evidence did not warrant further proceedings against any of the licensees. Downing then filed appeals from the action of each of the above Professional Boards. Said appeals, having been consolidated for disposition before the Court, are now the subject of motions to quash filed by the Professional Boards concerned.

The Board argues, and we agree, that their action in the instant case was merely an exercise of each agency's prosecutorial discretion in deciding whether or not to press charges against individuals whom it regulates in the exercise of their respective professions in behalf of the public interest. In exercising such discretion, neither Board action is properly subject to judicial review, for such action is not adjudicatory in nature. *See generally,* 1 Davis, Administrative Law Treatise §4.07 (1958). As the court persuasively points out in *United States v. Cox,* 342 F.2d 167 (5th Cir.), *cert. denied* 381 U.S. 935 (1965), executive officers of government who are impressed with dis-

cretionary powers of prosecution often choose not to exercise those powers upon policy considerations wholly apart from the possibility that sufficient cause might exist to support a prosecutorial action. Incident, however, to the constitutional separation of powers between the executive and judicial branches of government, courts cannot interfere with the executive's free exercise of such discretionary determinations.

The motions filed in behalf of the Professional Boards to quash the appeals of Michael J. Downing, therefore, are hereby granted.

ORDER

AND Now, this 8th day of October, 1976, the motions to quash the appeals of Michael J. Downing, filed on behalf of the Medical Education and Licensure Board and the State Board of Nurse Examiners are hereby granted and the appeals of Michael J. Downing are dismissed.