510 A.2d 880

William Fiore, t/d/b/a Municipal and Industrial Disposal Company, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued February 5, 1986, before President Judge CRUMLISH, JR. and Judges ROGERS, CRAIG, DOYLE, BARRY, COLINS, and PALLADINO.

*Lee R. Golden,* with him, *Robert P. Ging, Jr.,* for petitioner.

*Dennis W. Strain,* Assistant Counsel, for respondent.

OPINION BY JUDGE BARRY, June 9, 1986:

William Fiore, doing business as Municipal and Industrial Disposal Company (Fiore) appeals from a decision of the Environmental Hearing Board (EHB) which granted a motion to dismiss Fiore's appeal filed by the respondent, Department of Environmental Resources (DER). We must decide whether the EHB was correct in its conclusion that a Notice of Violation of the Pennsylvania Solid Waste Management Act (Act),[1] is not an action of DER which may be appealed.

An inspection of Fiore's waste disposal facilities was carried out by DER in January, 1984. On that occasion, numerous violations of regulations promulgated under the Act were noted. These included failure to remove the contents of a temporary disposal pit, as directed in a Consent Order and Agreement dated January 25, 1983, and which had been ordered by a subsequent directive of this Court;[2] Construction of a hazardous waste dispos-

---

[1] Act of July 7, 1980, P.L. 380, No. 97, 35 P.S. §§6018.101-6018.1003.

[2] *Department of Environmental Resources v. Fiore d/b/a Municipal and Industrial Disposal Co., Inc.,* No. 2083 C.D. 1983 (unreported Memorandum Opinion, filed October 28, 1983).

al facility without obtaining the requisite permit;[3] maintenance of disposal operations in an unauthorized area;[4] and construction of a sanitary landfill without securing the required permit.[5] In the course of an ensuing inspection in July, 1984, these same violations were found to have continued.

Following the latter inspection DER directed a "Notice of Violation" to Fiore, detailing the results of the inspection and the specific regulations being violated.[6] That letter concluded with the declaration that "[t]his letter shall . . . not be construed as a final action of the Department of Environmental Resources."[7]

Notwithstanding this declaration, Fiore nevertheless appealed from the notice to the EHB, averring, relevantly, that "[b]ecause the notice of violation establishes the present and future rights of [Fiore] with regard to future permit applications, the notice of violation constitutes an adjudication or action of the department." (Notice of Appeal at 2). DER thereupon moved to dismiss, maintaining that the notice was no more than a list of violations rather than an adjudication, positing, in turn, that the EHB thus lacked any jurisdiction over the matter. The EHB granted the motion, ruling that the "notice of violation is not an action of the DER

---

[3] The notice specifically informed Fiore that he was thereby in violation of Section 501(a) of the Act, 35 P.S. §6018.405(a); 25 Pa. Code §75.21(a); *id*. §75.265(z)(9); and the prior consent order referred to in note 2 and accompanying text.

[4] The notice informed Fiore that "[d]isposal operations were ongoing and at that time exceeded permitted area and elevation ... in violation of" Section 610(2) of the Act, 35 P.S. §6018.610(2), and of 25 Pa. Code §75.33(i)(2)(ii).

[5] The notice in this respect also advised Fiore that he was in violation of Section 610(2) of the Act, and in violation also of the consent order referred to above.

[6] DER *Notice of Violation* Letter, dated August 10, 1984.

[7] *Id*. at 4.

which is appealable to this Board." From this dismissal Fiore has appealed.

Fiore has styled the notice of Violation as an "adjudication or action," and hence an appealable determination, in light of the statutorily-established subject matter jurisdiction of the EHB, which provides, in pertinent part, that

> any action of [DER] may be taken initially without regard to the administrative agency law, but no such action of the department adversely affecting any person shall be final as to such person until such person has had the opportunity to appeal such action to the environmental hearing board. . . .

71 P.S. §510-21, Section 1921A of The Administrative Code of 1929. The term "action" under the foregoing statute is refined under an EHB regulation, which provides, in part, that an "action" embraces

> [a]ny order, decree, decision, determination or ruling by the Department affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any person, including but not limited to, denials, modifications, suspensions and revocations of permits, licenses and registration; orders to cease the operation of an establishment or facility. . . .

25 Pa. Code §21.2(a)(1). While we agree with Fiore that these provisions govern, we are at odds with his conclusion that the notice of violation constitutes such an action, and thus affirm the EHB's dismissal.

We observe at the outset that Fiore does not seriously contend that on its face the notice of violation even constitutes an action or adjudication. This it would be difficult to argue, since the letter itself states explicitly that the notice is not to be construed as DER's final action, and because, as a practical matter, no subse-

quent enforcement proceedings are asserted to have been undertaken by DER pursuant directly to the violations noted in the letter. Indeed, DER is not under any statutory mandate to do so:

> In carrying out the provisions of this act, the department *may* deny, suspend, modify, or revoke any permit or license if it finds that the applicant, permittee or licensee has failed or continues to fail to comply with any provision of this Act [or] any rule or regulation of the department. . . .

35 P.S. §6018.503(c), Section 503(c) of the Solid Waste Management Act (emphasis added). We have already held that the legislature's use of the term "may" indicates an intent that the involved provision is to be discretionary in operation. *See Daset Mining Corp. v. Ercole,* 51 Pa. Commonwealth Ct. 23, 25, 413 A.2d 780, 781 (1980).

Fiore has submitted instead that the notice of violation is nonetheless a final determination affecting his rights, and hence an "action" under the EHB regulation, because, as a practical matter, DER goes on to use such notices to compile a "compliance history". That compilation, in turn, Fiore argues, is used by DER "as grounds for [future] *mandatory* denial of applications for licenses and permits" under Section 503(d) of the Act, which provides, relevantly:

> Any person . . . [who] has engaged in unlawful conduct as defined in this act, or whose partner, associate, officer, parent corporation, subsidiary corporation, contractor, subcontractor or agent has engaged in such unlawful conduct, shall be denied any permit or license required by this act unless the permit or license application demonstrates to the satisfaction of the department that the unlawful conduct has been corrected.

35 P.S. §6018.503(d). Fiore's concern, then, is with the effect that the notice of violation has on his future ability to renew his solid waste permit under the Act; under Fiore's argument, because the notice leads inevitably to a very substantial *affecting* of his rights, it thereby constitutes action from which an appeal must be allowed. *See* 25 Pa. Code §21.2(a)(1).

We must reject this contention on two grounds. First, and more importantly, even if Fiore is correct in his assertion that the notice of violation would ineluctably lead to the denial of a renewed waste disposal permit, such denial would be the correct point at which to appeal, in the course of which the opportunity would be had to demonstrate that the violations were erroneously found. The ultimate denial, not the notice of violation, is the "action or adjudication" which in fact would affect Fiore's rights. There is, secondly, nothing to force the conclusion in the first place that any such denial is inevitable; it is manifest from Section 503(d) that while its strictures are mandatory, the applicant nevertheless is not precluded from demonstrating that the unlawful conduct which was the subject of the notices has been corrected. As evident from his continuing violations for a six-month period, Fiore has displayed little intention to take such corrective measures; any inevitability which is in store thus appears to be entirely of Fiore's own making.

In holding that notices of violations issued under the Solid Waste Management Act are not appealable actions or adjudications, we are also guided by our similar ruling in *Sunbeam Coal Corp. v. Department of Environmental Resources,* 8 Pa. Commonwealth Ct. 622, 304 A.2d 169 (1973). In *Sunbeam,* notices of violation of the Surface Mining and Reclamation Act[8] were directed to

---

[8] Act of May 31, 1945, P.L. 1198, *as amended,* 35 P.S. §§1396.1-1396.31.

two mine operators, who thereafter immediately attempted an appeal. Under that statutory scheme, as in the present case, the Department possessed, as it still does under that Act, discretion to later take final action upon a determination that the violations continued.[9] Having reviewed the same statutory definitions of "action" and "adjudication" as reproduced above,[10] the *Sunbeam* court dismissed the appeal, holding that "[c]learly . . . the notices here were not adjudications or actions which required hearings and engender review by administrative boards or courts of record." *Id.* at 626, 304 A.2d at 171.

Fiore has done little to demonstrate that the involved facts of statutory scheme of the present controversy are in any relevant way distinguishable from those in *Sunbeam.* The cases offered to us, furthermore, as authority for the proposition that the notices, because "affecting" his rights, are appealable, involved administrative resolutions and decisions of a vastly different character from that reflected in the mere listing of violations observed, action upon which is discretionary and taken in accordance with a later determination of whether such violations have been corrected.[11]

---

[9] *See* 8 Pa. Commonwealth Ct. at 624-25, 304 A.2d at 170-71. *See* Section 4.3 of the Surface Mining Conservation and Reclamation Act, 52 P.S. §1396.4c.

[10] 8 Pa. Commonwealth Ct. at 625-26, 304 A.2d at 171. The *Sunbeam* court also made reference to The Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710.1-1710.111, which provides, at §1710.2, that " '[a]djudication' means any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, or obligations of any or all of the parties to the proceeding in which the adjudication is made. . . ." *Id.*

[11] Indeed, two of the principal cases cited by Fiore for this proposition have recently been deprived of their significance in this respect. *See School District of Lancaster v. Office of the Audi-*

It has not gone unnoticed that in an age in which administrative agencies necessarily possess increased discretion that "[o]ften important decisions which significantly affect given individuals [will] take neither the form of rulemaking nor of adjudication."[12] That hazard, however, we do not believe to exist in the present situation. The statutory scheme both allows to DER the flexibility it needs to efficiently police and advise license holders of the requirements of the Act, and specifically provides for an appeal when the agency is finally constrained to take action on a license holder's failure to comply with such requirements.

The EHB was correct in its quashing of the appeal, and detecting no error of law, we affirm.

ORDER

Now, June 9, 1986, the order of the Environmental Hearing Board, Docket No. 84-311-G, dated November 13, 1984, is hereby affirmed.

---

tor General, 88 Pa. Commonwealth Ct. 300, 305-06, 489 A.2d 963, 966 (1985) (auditor general's report not an adjudication), *overruling School District of Lancaster v. Department of Education,* 73 Pa. Commonwealth Ct. 246, 458 A.2d 1024 (1983). *And see Baker v. Pennsylvania Human Relations Commission,* 507 Pa. 325, 332, 489 A.2d 1354, 1357-58 (1985) *(held,* "a Commission order finding a complaint lacks probable cause for further agency action is not an 'adjudication' . . . ."), *modifying on related grounds,* 75 Pa. Commonwealth Ct. 296, 462 A.2d 881 (1983).

[12] Nahmod, *Thoughts on Pennsylvania Administrative Law,* 15 Duq. L. Rev. 573, 576 (1977).