535 A.2d 1251

Eleanor Herman, Appellant *v.* Greene County Fair Board, The County of Greene, a municipal corporation, James Wood, an individual and Brad Wood, an individual, Appellees.

Argued October 9, 1987, before Judges BARRY and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*David R. Cashman, Cashman & Cipriani,* for appellant.

*David R. Johnson,* with him, *David B. Torrey, Thomson, Rhodes & Cowie,* for appellees, Greene County Fair Board and County of Greene.

OPINION BY JUDGE PALLADINO, January 21, 1988:

Eleanor Herman (Herman) appeals from a decision of the Court of Common Pleas of Greene County granting a motion for summary judgment made by defendants Greene County and the Greene County Fair Board (Greene County defendants) on the basis that the

Greene County defendants were immune to suit pursuant to the Political Subdivision Tort Claims Act (Act).[1] We affirm.

On July 15, 1982, Herman filed a complaint in trespass against the Greene County defendants and James and Brad Wood (Wood brothers) for injuries she allegedly sustained while attending the Greene County Fair on August 6, 1980. Herman was watching a horse-pulling contest when a team of horses, owned by the Wood brothers' father,[2] broke away from the control of the Wood brothers, their father, and another individual and ran into the crowd of spectators. Herman alleges her injuries occurred as a result of being struck by the horses' harness.

Herman averred in her complaint that her injuries were the result of the following alleged negligent actions of the Greene County defendants:

a)  In failing to properly supervise, control or otherwise handle the animals being exhibited at the fair operated by the Defendant;

b)  In failing to post barricades or other structures so as to protect the public in general and the Plaintiff, in particular, from the animals being exhibited at the fair operated by the Defendant;

c)  In failing to notice or otherwise observe the animals being exhibited at the fair operated by the Defendant, when the Defendant knew, or in the exercise of due care and caution, could and should have known that said animals were likely

---

[1] Act of November 26, 1978, P.L. 1399, *as amended,* formerly 53 P.S. §§5311.101-5311.803, repealed and substantially reenacted by the Act of October 5, 1980, P.L. 693, *as amended,* 42 Pa. C. S. §§8541-46.

[2] The Wood brothers' father, Roscoe, is deceased.

to cause injuries and damages to the public in general and the Plaintiff, in particular;

d) In failing to take heed of the warning presented by a previous occurrence wherein the horses being exhibited at the fair operated by the Defendant broke away from the employees of the Defendant, or in observing said occurrence, in failing to take heed by the warning presented thereby;

e) In failing to properly provide security and safety for the public in general and the Plaintiff, in particular, who were invited to observe the animals on display at the fair operated by the Defendant;

f) In failing to insure the safety of the public invited to the fairgrounds operated by the Defendant;

g) In failing to control, manage or otherwise keep under control the horses being exhibited at the fair operated by the Defendant, when the Defendant knew, or in the exercise of due care and caution, could and should have known that the failure to keep said horses under control would likely result [sic] injuries and damages to the public in general and the Plaintiff, in particular;

h) In failing to provide adequate security for the public in general and the Plaintiff, in particular, when the Defendant knew or in the exercise of due care and caution, could and should have known that to fail to do so would likely result in injuries and damages to the Plaintiff;

i) In failing to adequately supervise, control and provide security in and about the area where the horses were being exhibited to the public in general and the Plaintiff, in particular;

j) In failing to take the reasonable and necessary precautions to prevent the happening of the accident involving the Plaintiff;

k) In allowing and permitting unruly and dangerous horses to be exhibited when the Defendant knew, or in the exercise of due care and caution, could and should have known that failure to take the adequate and necessary safeguards to protect the public in general and the Plaintiff, in particular, would likely result in injuries and damages to the Plaintiff;

l) In failing to properly safeguard the public in general and the Plaintiff, in particular;

m) In otherwise being negligent.

The Greene County defendants filed an answer and new matter in which they raised the defense of governmental immunity, provided in section 201 of the Act.[3] In her reply to the Greene County defendants' new matter, Herman denied their claim of immunity.

Extensive discovery by all parties followed. On January 15, 1986, the Greene County defendants moved for summary judgment on the basis that suit against them was barred by section 201 of the Act because none of the matters alleged were encompassed by the exceptions to governmental immunity found in section 202 of the Act.[4] Herman opposed the motion, contending that

---

[3] 53 P.S. §5311.201 This section provided:
Except as otherwise provided in this act, no political subdivision shall be liable for any damages on account of any injury to a person or property caused by any act or omission of the political subdivision or an employee thereof or any other person.

[4] 53 P.S. §5311.202(b). This section provided eight exceptions to immunity:
(1) Operation of a motor vehicle in possession or control of the political subdivision.

her cause of action fell within the care, custody or control of animals exception in section 202(b)(8) of the Act.

The trial court determined that Herman's cause of action did not fall within the care, custody or control of animals exception because the Greene County defendants were never in *direct* control of the horses alleged to have caused Herman's injuries. The motion for summary judgment was granted and the Greene County defendants dismissed from the case. On appeal to this court, Herman contends the trial court erred in granting the motion for summary judgment.

Our scope of review of the grant of a motion for summary judgment is limited to determining whether there has been an error of law or a manifest abuse of discretion. *Miller v. Emelson,* 103 Pa. Commonwealth Ct. 437, 520 A.2d 913 (1987). Summary judgment is properly granted where there is no genuine issue of material fact and the moving party has clearly established entitlement to judgment as a matter of law. *Kuehner v. Parsons,* 107 Pa. Commonwealth Ct. 61, 527 A.2d 627 (1987).

The exception to immunity in section 202(b) of the Act, which Herman relies on, provides:

The following acts or activities by a political subdivision or any of its employees may result in

---

(2) Care, custody or control of personal property of others.

(3) Care, custody or control of real property.

(4) Dangerous condition of traffic lights, lights or other traffic controls, street lights or street lighting systems or trees.

(5) Dangerous conditions of the facilities of steam, sewer, water, gas and electric systems.

(6) Dangerous condition of streets.

(7) Dangerous condition of sidewalks

(8) Care, custody or control of animals.

Substantially similar exceptions appear at 42 Pa. C. S. §8542(b).

the imposition of liability on a political subdivision:

. . .

(8) The care, custody or control of animals in the possession or control of a political subdivision, including but not limited to police dogs and horses. Damages shall not be recoverable under this paragraph on account of any injury caused by wild animals, including but not limited to bears and deer, except as otherwise provided by law.

Herman contends that the issue of who had control of the horses in this case was one of fact, which was in dispute, and not one of law. We disagree.

The pleadings and the discovery conducted in the instant case establish that the Greene County defendants were in control of the horse-pulling contest and that this included deciding whether the horses in question should be permitted to participate in the event.[5] However, they also show that the care and control of the horses while they were at the fair was the responsibility of the owner.[6] When the horses broke away and ran into the crowd they were in the *direct control* of at least one of the Wood brothers and two other individuals,[7] none alleged to be in the employ or an agent of the Greene County defendants. Therefore, the alleged negligent actions which the Greene County defendants took in their exercise of control of the contest were not the *direct* cause of injuries Herman suffered. The issue then is

---

[5] Deposition of Clark Orndorff (volunteer superintendent of the horse department of Greene County Fair Board and judge of Greene County Fair horse-pulling contest) at 8; Deposition of Carolyn Morris (Greene County Fair Board Secretary) at 9, 18-19.

[6] Deposition of James Wood at 26.

[7] Deposition of James Wood at 27-28, 48, 61-62, 70-72; Deposition of Brad Wood at 15; Deposition of Eleanor Herman at 51-54.

whether the control exercised by the County defendants was sufficient to meet Herman's burden of bringing her cause of action within the exception to immunity found in section 202(b)(8). This is an issue of law not of fact.

This issue has not been addressed in cases dealing with the care, custody or control of animals exception to governmental immunity,[8] but was recently addressed by the Pennsylvania Supreme Court in *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987), in respect to the real estate exception to governmental immunity.[9] The Supreme Court concluded that local agencies involved could not be held liable under the real estate exception for the harm caused by the actions of an escaped inmate, who escaped from real property in the possession of the local agencies allegedly because of the local agencies' negligence in maintaining the property. The Supreme Court held that the real estate exception "can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, *not merely when it facilitates*

---

[8] There have been only two reported cases dealing with the care, custody or control of animals exception to governmental immunity. In *Jenkins v. McDonald*, 92 Pa. Commonwealth Ct. 140, 498 A.2d 487 (1985), this court held that the City of Philadelphia was immune to suit for damages for injuries sustained when the plaintiff was attacked by a stray dog because stray dogs could not be considered in the control or possession of the City. In *Deluca v. Whitemarsh Township*, 106 Pa. Commonwealth Ct. 325, 526 A.2d 456 (1987), this court declined to reach the issue of whether the wolf who caused the injuries was in the control or possession of Township police because it concluded that a wolf was a wild animal, which were specifically excluded from the care, custody or control of animals exception to immunity.

[9] 42 Pa. C. S. §8542(b)(3). The real estate exception found in section 202(b)(3) of the Act, 53 P.S. §5311.202(b)(3) was the same except that the term "political subdivision" appeared in place of "local agency."

*the injury by the acts of others. . . ." Id.* at 363, 523
A.2d at 1124 (emphasis in original in part and added in
part).

In reaching this conclusion, the Supreme Court re-
lied on the language in 42 Pa. C. S. §8541 that "[e]xcept
as otherwise provided in this subchapter, no local agen-
cy shall be liable for any damages on account of any in-
jury to a person or property caused by any act of the
local agency or an employee thereof *or any other per-
son."* (Emphasis added.) The Supreme Court concluded:

Acts of *others* . . . are specifically excluded in
the general immunity section (42 Pa.C.S. §8541)
and are nowhere discussed in the eight excep-
tions. *On this basis alone, we must conclude that
any harm that others cause may not be imputed
to the local agency or its employees. . . . We be-
lieve the Legislature has clearly precluded the
imposition of liability* on itself or its local agen-
cies *for acts of third parties* by its language of
§8541, *supra,* and that it has *not seen fit to
waive immunity for these actors or their acts in
any of the eight exceptions.*

*Mascaro,* 514 Pa. at 362-63, 523 A.2d at 1124 (emphasis
in original in part and added in part).

The language of section 201 of the Act is substantial-
ly the same as that of 42 Pa. C. S. §8541.[10] The analysis
of the Supreme Court in *Mascaro* is, by its own terms,
applicable to all eight exceptions to governmental im-
munity. Here there is no dispute that the horses broke
away from the direct control of third parties. If the
horses had not broken away from the control of the third
parties, the alleged harm would not have occurred. Any

---

[10] The only difference is the substitution of the term "local
agency" in 42 Pa. C. S. §8541 for the term "political subdivision" in
section 201 of the Act, 53 P.S. §5311.201.

624

negligence on the part of these third parties may not be imputed to the Greene County defendants. Therefore, even if the Greene County defendants were negligent in allowing the horses to compete in the pull, they may not be held liable for any harm caused when the horses escaped from the control of third parties.

Acordingly, we affirm.

ORDER

AND NOW, January 21, 1988, the order of the Greene County Court of Common Pleas in the above-captioned case is affirmed.