## Holmes v. Borough of Lansdowne

*Gustine J. Pelagatti,* for plaintiff.
*Gary Stewart Seflin,* for defendant.

LABRUM, *J.,* February 26, 1991 — Plaintiffs filed a complaint against defendant borough seeking damages as a result of injuries sustained by the wife plaintiff as a result of contact with a contaminated syringe used to inject a diseased raccoon. Defendant filed preliminary objections which were sustained by the court and an appeal has followed to the Pennsylvania Commonwealth Court.

On or about September 26, 1989, animal control officer Blade Cash, acting on behalf of the Borough of Lansdowne, found an apparently sick or diseased raccoon within the borough and pursuant to procedures followed by municipalities throughout Delaware County, he brought the animal to the Delaware County SPCA for examination. Custody of the animal was transferred to the SPCA and the raccoon was brought to the rear of the SPCA building and was taken into the euthanasia room for destruction, at which time the animal was placed on a metal table by plaintiff, Virginia Holmes, who then injected it with a lethal solution. Mrs. Holmes placed the syringe on the table and her co-worker reached across the table to retrieve the syringe. While attempting to retrieve the syringe, the co-worker grazed plaintiff with the needle and possibly injected plaintiff, who was not wearing gloves or other protective clothing at the time, with the needle on her right ring finger, thus possibly exposing Mrs. Holmes to blood or serum from the raccoon.

At that time, plaintiff sought medical treatment for her potential exposure. A determination was made to test the now deceased raccoon for rabies and the next day the tests were deemed positive,

thus requiring plaintiff to undergo a series of anti-rabies treatments.

The aforesaid facts as stated formed the basis of plaintiffs' suit against the Borough of Lansdowne. The pertinent preliminary objections of the borough argued that the borough did not have possession or direct control of the raccoon, that the act of the co-worker was an intervening, superseding negligent or intentional act and that the raccoon was classified under statute as a wild animal, thus barring plaintiffs' claim under the doctrine of governmental immunity. The court sustained the preliminary objections and dismissed the complaint.

Generally, actions against municipalities or political subdivisions of this Commonwealth are barred by the doctrine of governmental immunity as established in the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. Under the act, however, a local agency or municipality may be subject to suit only if the facts alleged state a cause of action within one of the eight limited categories within which governmental immunity has been waived by the legislature under 42 Pa.C.S. §8452(b)(1) through (8). The failure to plead a cause of action within one of the limited categories of waiver bars suit based upon governmental immunity. *E-Z Parks Inc. v. Philadelphia Parking Authority,* 110 Pa. Commw. 629, 532 A.2d 1272 (1987).

Of the enumerated categories within which governmental immunity has been waived, plaintiffs suggested that their claim fell within the "animals" exception regarding the negligent "care, custody" of animals within the possession of a local agency.

The "animals" exception provides:

"§8542. *Exceptions to governmental immunity*

"(b) *Acts which may impose liability* — The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(8) *Care, custody or control of animals* — The care, custody or control of animals in the possession or control of a local agency, including but not limited to police dogs and horses. Damages shall not be recoverable under this paragraph on account of any injury caused by wild animals, including but not limited to bears and deer, except as otherwise provided by statute."

The limited categories within which governmental immunity has been waived by the act must be strictly construed against a waiver of immunity. *Farber v. Pennsbury School Dist.,* 131 Pa. Commw. 642, 571 A.2d 546 (1990). In the present action according to the allegations of plaintiffs' complaint, the harm alleged was caused by a third party, that is the co-worker of the wife plaintiff, as opposed to any direct result of an act or omission by the Borough of Lansdowne.

An analogous case to the one before this court is that of *Herman v. Greene County Fair Board,* 112 Pa. Commw. 615, 535 A.2d 1251 (1987), a case in which horses broke away from exhibitors at a county fair and ran into the crowd, injuring bystanders. In *Herman,* the Commonwealth Court held that since the horses broke away from the direct control of third parties that negligence could not be imputed to the Greene County Fair Board. The court ruled that in order for a waiver of immunity to lie within the "animals exception" of the act, the animal in question must be within the direct control of the local agency.

In the present case, the complaint states that the wife plaintiff and her co-worker were involved directly in the control and possession of the raccoon through their administration of the lethal injection. The complaint further states that the direct action of the co-worker was the cause of plaintiff's injury, as stated in 42 Pa.C.S. §8541:

"Except as otherwise provided in this subchapter no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

The Commonwealth Court has precluded liability against a local agency for the negligent acts of a third party where the actions or omissions of the local agency merely facilitated the claimed injuries. *Gallagher v. Pennsylvania Bureau of Correction,* 118 Pa. Commw. 516, 545 A.2d 981 (1988). Furthermore, in *Crowell v. City of Philadelphia,* 131 Pa. Commw. 418, 570 A.2d 626 (1990), the court ruled that the acts of omissions within one of the eight categories must be a direct result of the injury, thus leading the court to conclude that a local agency may not be a joint tort-feasor to an action.

In light of the current status of the case law, the allegations of plaintiffs failed to allege a cause of action which would permit their claims to fall within any of the limited categories within which governmental immunity has been waived.

As previously stated, the raccoon was brought to the SPCA by Officer Cash, at which time the custody and control of the animal was turned over to the SPCA. Thus, at the time the alleged injury took place, the animal was in the direct possession and control of the co-worker of Mrs. Holmes and plain-

tiff herself, and the pleadings do not sustain the position that the animal was in fact in control of the borough.

Absent the factual allegation that the animal which was the cause of the injuries in question was within the complete and direct control and possession of a local agency, the claim of plaintiffs must fail under the statute and case law.

Finally, the act allows for a waiver of immunity for the negligent care, custody or control of animals within the possession of a local agency, so long as the injuries claimed are not caused by "wild animals." Title 42 Pa.C.S. §8542 extends immunity to a municipality caused by "wild animals," though the municipality may be liable for injuries caused by such animals as police dogs or horses. *Deluca v. Whitemarsh Twp.*, 106 Pa. Commw. 325, 526 A.2d 456 (1987).

The Game and Wildlife Code, 34 Pa.C.S. §102 defines "wild animals" as "all mammals other than domestic animals as defined in 1 Pa.C.S. §1991." Title 1 Pa.C.S. §1991 defines a "domestic animal" as "any equine animal, bovine animal, sheep, goat and pig." Thus, under the Game Wildlife Code and definitions section, a raccoon is not defined as a domestic animal and thus must fit under the definition of "wild animal." The Game and Wildlife Code sub-defines a raccoon not only a wild animal but also one of "furbearers" which is a term designed to include "the badger, the fisher, the mink, the muskrat, the opossum, the otter, the pine martin, the stripped and spotted skunk, the beaver, the raccoon, all weasels, the red and gray fox and the bobcat." The code continues its regulations regarding furbearers under sections 2361 through 2364

regarding the unlawful and permitted acts respecting furbearing wild creatures, such as raccoons.

Since the complaint alleged that injuries occurred to plaintiff from the alleged negligent care, custody or control of a raccoon which is a wild animal, the claim of plaintiff must be barred under the statute.

For the foregoing reasons, the preliminary objections were sustained and the complaint was dismissed for failure to state a cause of action.