COMMONWEALTH of Pennsylvania,
DEPARTMENT OF ENVIRONMEN-
TAL PROTECTION, Petitioner,

v.

Walter SCHNEIDERWIND,
Respondent.

Delaware Valley Concrete
Co., Inc., Petitioner,

v.

Department of Environmental Pro-
tection, and Walter Schneider-
wind, Respondents.

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 2004.
Decided Feb. 2, 2005.

Thomas M. Crowley, Harrisburg, for petitioner, Comm. of PA, DEP.

John P. Krill, Harrisburg, for petitioner, Delaware Valley Concrete, Co.

Robert J. Sugarman, Philadelphia, for respondent, Walter Schneiderwind.

BEFORE: McGINLEY, J., SMITH–RIBNER, J., LEADBETTER, J., COHN JUBELIRER, J., and SIMPSON, J.

OPINION BY Judge LEADBETTER.

In petitions for review of the Environmental Hearing Board's (Board) order, the Department of Environmental Protection (Department) and Delaware Valley Concrete Company challenge the Board's jurisdiction over an appeal from a letter issued by the Department refusing to prosecute a claim. Here, Walter Schneiderwind had filed a complaint with the Department claiming that Delaware Valley Concrete had diminished the water supply to his farm. The Department and Delaware Valley contend that the Department's letter was not an appealable final order or adjudication and that, even if it were, the Board could not proceed without joining Delaware Valley, an indispensable party.

In his complaint to the Department, Schneiderwind asserted that Delaware Valley Concrete's quarry operations on the land next to his farm had adversely affected the ground water supply for his corn crop. Schneiderwind contended that, in pumping out the water that tended to infiltrate the quarry pit, an activity for which the Department had issued the prerequisite permit,[1] Delaware Valley lowered the ground water level below Schneiderwind's land. He sought a Department order directing Delaware Valley to restore or replace the water supply as authorized under Section 11(g) of the Noncoal Surface Mining Conservation and Reclamation Act (Act), which provides:

> **Water restoration.**—Any surface mining operator who affects a public or private water supply by contamination, interruption or diminution shall restore or replace the affected supply with an alternate source of water adequate in quantity and quality for the purpose served by the supply. If any operator

1. The Department authorized Delaware Valley's water discharge from the quarry pit under a National Pollution Discharge Elimination System (NPDES) permit. As of October 2002, Delaware Valley stopped pumping water from the quarry pit and in May of 2003, the Department acknowledged the surrender of both the blasting permit and the NPDES permit and stated that only reclamation and stabilization activities were allowed on the site.

fails to comply with this subsection, the secretary [of the Department] *may* issue orders to the operator as are necessary to assure compliance.

Act of December 19, 1984, P.L. 1093, 52 P.S. § 3311(g) (emphasis added).

Following an investigation of the complaint, the Department reported its decision to Schneiderwind in a letter stating:

Please be advised that the Bureau of District Mining Operations has conducted an investigation of your complaint. The investigation conducted by the Hydrogeologist Michael Hill and SMCI Christian Kube from July 1999 through December 1999, did not establish a correlation between surface mining activities at Delaware Valley Concrete Quarry and the alleged decrease in crop yield at your farm. However, the Department is pursuing a requirement to have the permittee convey a portion of water pumped for your use.

You are entitled to request an informal review of the Department's decision. . . .

Schneiderwind appealed this decision to the Board, asserting that the Department should have directed Delaware Valley to replace or restore the water source for his corn field. Delaware Valley was not joined and did not intervene as a party before the Board. Following a hearing, at which the parties submitted expert testimony from hydrogeologists and agronomists, the Board found that "the Department's investigation of the Appellant's water loss complaint was insufficient and its conclusion that the lowering of the water table by the quarry operation did not cause the appellant's crop loss was in error." *Schneiderwind v. Dep't of Envtl. Prot.,* (EHB No.2000–113–MG, filed March 26, 2003), Board op. at 18. Based upon this finding, the Board sustained the appeal and remanded the matter to the Department with directions to "issue an order requiring Delaware Valley to restore or replace the affected water supply with an alternate source of water adequate in quantity and quality for the purpose of providing moisture to the Appellant's corn crops." Thereafter, Delaware Valley and the Department each filed the present appeals, which we consolidated.

On appeal, Delaware Valley and the Department assert, as they did before the Board, that the Department's letter was not appealable, that the Board lacks authority to interfere with the Department's exercise of prosecutorial discretion, that the Board cannot grant relief in mandamus and that Delaware Valley was an indispensable party.

The process available to Schneiderwind in pursuing a claim for water under the Act is established in Section 20, in pertinent part, as follows:

**Remedies of citizens**

**(a) Commencement of civil action.—** Except as provided in subsection (c), any person having an interest that is or may be adversely affected may commence a civil action on his own behalf to compel compliance with this act or any rule, regulation, order or permit issued pursuant to this act against the department where there is alleged a failure of the department to perform any act that is not discretionary with the department or against any other person who is alleged to be in violation of any provision of this act or any rule, regulation, order or permit issued pursuant to this act. Any other provision of law to the contrary notwithstanding, the courts of common pleas shall have jurisdiction of such actions and venue in such actions shall be as set forth in the Rules of Civil Procedure concerning actions in assumpsit.

. . . .

**(c) Limitations on commencement of action.** No action pursuant to this section may be commenced prior to 60 days after the plaintiff has given notice, in writing, of the violation to the department and to any alleged violator. In addition, no such action may be commenced if the department has commenced and is diligently prosecuting a civil action in a court of the United States or of the Commonwealth, has issued an order or has entered a consent order and agreement or decree to require compliance with this act or any rule, regulation, order or permit issued under this act, but, in any such action in a court of the United States or of the Commonwealth, any person may intervene as a matter of right.

. . . .

52 P.S. § 3320. Accordingly, Schneiderwind could seek redress in common pleas against either the Department or Delaware Valley unless the Department had undertaken to prosecute the claim on his behalf or had directed by order or consent decree that Delaware Valley comply with the Act by providing water. The Department's election not to proceed on Schneiderwind's complaint opened the door to his commencement of a civil action as provided in subsection (a) above. Thus, it did not decide his claim or deprive him of a remedy or an avenue of redress; it merely notified Schneiderwind of the Department's discretionary refusal to prosecute the claim on his behalf.

■ Insofar as the Department refused to take further action on the claim, it did not affect Schneiderwind's rights in a manner that rendered the letter an appealable "action" as defined in 25 Pa.Code § 1021.1.[2] In addition, the Department's letter refusing to decide Schneiderwind's claim does not qualify for review by the Board pursuant to Section 4 of the Act of July 13, 1988, P.L. 530, which establishes the Board's jurisdiction "to hold hearings and issue adjudications on orders, permits, licenses or decisions of the department." *See* 35 P.S. § 7514(a). *See also Fiore v. Dep't of Envtl. Res.,* 98 Pa.Cmwlth. 35, 510 A.2d 880 (1986) (Department's notice of violations not appealable to the Board). Absent some averment that the refusal to prosecute was tainted by some corruption, such a decision is generally not reviewable. *See Lerro v. Upper Darby Township,* 798 A.2d 817, 822 n. 13 (Pa.Cmwlth.2002); *Frawley v. Med. Educ. And Licensure Bd.,* 26 Pa.Cmwlth. 517, 364 A.2d 748 (1976). Therefore, the Board erred in considering Schneiderwind's appeal and reviewing the merits of his complaint.

■ That the Board proceeded to determine Delaware Valley's liability for the claimed water without the company's participation in the adjudication constitutes additional error. The Board's determination of liability in the absence of proof of notice and an opportunity for Delaware Valley to be heard ignores the rule stated in 2 Pa.C.S. § 504, which makes these elements essential to a valid agency adjudication.[3] In addition, it offends basic

2. The Administrative Code provision concerning practice and procedure before the Board defines "action" as "An order, decision, determination or ruling by the Department affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of a person including, but not limited to, a permit, license, approval or certification." 25 Pa.Code § 1021.1.

3. Section 504 of the Administrative Agency Law provides that, "No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings." 2 Pa.C.S. § 504.

principles of equity and due process. *Mechanicsburg Area Sch. Dist. v. Kline,* 494 Pa. 476, 431 A.2d 953 (1981); *Montella v. Berkheimer Assoc.,* 690 A.2d 802, 803 (Pa. Cmwlth.1997). There is no authority for Schneiderwind's contention that, because the Board did not directly order water replenishment but remanded for the Department to do so, Delaware Valley becomes indispensable as a party only after the Department, on remand, fashions relief. The Board's order leaves the Department without discretion to further consider evidence rebutting liability. Furthermore, there is no authority for the sort of bifurcated adjudication Schneiderwind's argument contemplates, whereby after the Board rules on the merits of the complainant's case, it may revisit the matter if the defendant appeals and in a subsequent and separate proceeding considers the defendant's case in rebuttal.

Accordingly, we vacate the Board's order.

Judge SMITH–RIBNER and Judge SIMPSON dissent.

President Judge COLINS and Judge LEAVITT did not participate in the decision of this case.

### ORDER

AND NOW, this 2nd day of February, 2005, the order of the Environmental Hearing Board in the above captioned matter is hereby VACATED.