99 Pa. Commonwealth Ct. 223 (1986)
512 A.2d 809
Zachary Calandra, a minor, by David Calandra, his guardian, Appellants
v.
State College Area School District and State College Area School Board, Appellees.
No. 3310 C.D. 1984.
Commonwealth Court of Pennsylvania.
Argued February 5, 1986.
July 24, 1986.
Argued February 5, 1986, before President Judge CRUMLISH, JR., and Judges ROGERS, CRAIG, DOYLE, BARRY, COLINS and PALLADINO.
*224 Robert C. Rayman, for appellants.
John R. Miller, Jr., Miller, Kistler & Campbell, Inc., for appellees.
OPINION BY JUDGE PALLADINO, July 24, 1986:
Zachary Calandra and his guardian, David Calandra, (Appellants) appeal from a decision of the Court of Common Pleas of Centre County (trial court) which sustained a preliminary objection in the nature of a demurrer filed by the State College Area School District (District). For the reasons set forth below, we affirm.
Appellants filed a complaint in trespass, alleging that Zachary had applied to participate in the District's interscholastic baseball program. The District's School Board requires any student who wishes to participate in interscholastic sports to receive a tetanus immunization. Zachary's religious and philosophical beliefs prohibit him from receiving immunizations. When Zachary appeared for a scheduled baseball tryout, he was not permitted to participate because he was not immunized.
Appellants' complaint asserted that the District's immunization requirement violates Zachary's right to free exercise of his religion "in that it discriminates against individuals on the basis of their religious beliefs, to wit; an opposition, an immunization. (sic)" Appellants requested: 1) that the immunization requirement be declared unconstitutional and violative of the first and *225 fourteenth amendments of the United States Constitution; 2) that the District be enjoined from enforcing the immunization requirement against Zachary; 3) that Zachary be awarded compensatory and punitive damages; and 4) that attorney's fees and costs be awarded to Appellants.
The District filed a preliminary objection in the nature of a demurrer, and alleged that the complaint failed to set forth a cause of action, because participation in interscholastic sports is only a privilege and is not a constitutionally protected interest.[1]
The trial court sustained the District's demurrer, concluding that the District's tetanus immunization requirement does not place an undue infringement upon Zachary's right to practice his religious beliefs, because the District has a compelling interest in requiring such immunizations. This appeal followed.
Appellants assert that the trial court erred in sustaining the demurrer, because no facts were presented to establish a compelling state interest which would justify a burden on Zachary's religion. The role of a trial court in ruling on a preliminary objection in the nature of a demurrer is to determine whether the facts pleaded are sufficient to permit the action to continue. Cooley v. East Norriton Township, 78 Pa. Commonwealth Ct. 11, 466 A.2d 765 (1983). Preliminary objections admit as true all facts which are well pleaded, and all inferences reasonably deducible therefrom. Where there is no factual dispute in the case, only a dispute over the interpretation of the law, it is appropriate for the trial court, in making such a determination, to interpret the applicable law and determine the merits of the claim. Firing *226 v. Kephart, 466 Pa. 560, 353 A.2d 833 (1976). On appeal, we must determine whether the trial court's interpretation is correct. Id.
The threshold inquiry is whether this facially neutral regulation unduly burdens the free exercise of religion. Wisconsin v. Yoder, 406 U.S. 205 (1972). Where the state conditions receipt of an important benefit, e.g., welfare or social security benefits, upon conduct proscribed by a religious faith, or where it denies such a benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs, a burden on religion exists. While the compulsion may be indirect, the infringement upon free exercise is nonetheless substantial. Thomas v. Review Board of the Indiana Employment Security Division, 450 U.S. 707, 718 (1981). A person may not be compelled by the government to choose between the exercise of a First Amendment right and participation in an otherwise available public program. Id. The coercive impact of such a choice unduly burdens an individual's right of free exercise.
In the instant case, if Zachary elects to participate in interscholastic sports, his religious beliefs bar him from eligibility. While we recognize the value of participation in interscholastic sports, such participation does not rise to the level of an important government benefit. We cannot conclude that foregoing participation in interscholastic sports will coerce Zachary to violate his religious beliefs. No pressure is placed upon Zachary to modify his behavior in this case, therefore, no burden is imposed on Zachary's right of free exercise.[2] The trial *227 court, in sustaining the demurrer, properly concluded that the complaint failed to state a cause of action.[3]
The order of the trial court sustaining the District's demurrer is affirmed.

ORDER
AND NOW, July 24, 1986, the decision of the Court of Common Pleas of Centre County at No. 84-935, dated October 12, 1984, is affirmed.
DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.:
I respectfully dissent from the majority's sweeping conclusion that participation in interscholastic sports is not an important public benefit and that the District's preclusion of Calandra's participation will not pressure him to violate the tenets of his faith. The majority unjustifiably downplays the vital role which athletics plays in a student's overall character development and career preparation. Calandra may be a talented athlete with prospects for a college scholarship or professional career. In these circumstances, the coercive effect of the District's policy cannot be ignored. Moreover, the record does not clearly reveal the governmental interest furthered by the District's requirement of tetanus immunization. If the District's sole basis for requiring innoculation is to protect the innoculated student, I would not consider this a sufficiently compelling basis to force Calandra to choose between participation in interscholastic sports and the right to practice his religion. Since doubt exists as to the degree of coerciveness and the nature of the government interest sought to be vindicated, I would reverse and remand to the common pleas court for resolution of these important factual issues.
Judge COLINS joins in this dissent.
NOTES
[1] The complaint to which the District demurred is actually an amended complaint. The District objected to Appellants' original complaint and requested more specific pleadings.
[2] Cf. Quaring v. Peterson, 728 F.2d 1121 (8th Cir. 1984), aff'd by an equally divided Court sub nom Jensen v. Quaring, U.S., 105 S. Ct. 3492 (1985) (requirement that individual have photograph taken for driver's license unduly burdens free exercise of individual whose religious beliefs prohibit such photographs).
[3] Because no burden is placed upon Zachary's right to free exercise, the trial court unnecessarily analyzed whether the District's interest in requiring the immunization was compelling.