526 A.2d 456

Caroline Deluca, Appellant *v.* Whitemarsh Township, and Gregory Czarnecki and Corsons Lime Company, Appellees.

Argued February 27, 1987, before Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Norman Ashton Klinger,* for appellant.

*Audrey L. Jacobsen,* with her, *Charles W. Craven, Marshall, Dennehey, Warner, Coleman and Goggin,* for appellee.

OPINION BY JUDGE PALLADINO, May 26, 1987:

Caroline Deluca (Appellant) appeals a ruling of the Court of Common Pleas of Montgomery County (trial court) which sustained the preliminary objections of defendant Whitemarsh Township (Township). For the reasons set forth below, we affirm.

Appellant filed a civil complaint on April 2, 1985 against Gregory Czarnecki, Corsons Lime Company and the Township seeking damages for injuries sustained when she was allegedly attacked by a wolf belonging to defendant Czarnecki. After the Township filed a motion to strike, Appellant filed an amended complaint on May 22, 1985. The Township filed preliminary objections in the nature of a demurrer to Appellant's amended complaint, and the trial court sustained the demurrer, holding that the Township was immune from liability under 42 Pa. C. S. §§8541-8564.[1] We will

---

[1] Act of November 26, 1978, P.L. 1399, *as amended, formerly* 53 P.S. §§5311.101-5311.83, repealed and substantially reenacted by the Act of October 5, 1980, P.L. 693, *as amended,* 42 Pa. C. S. §§8541-8564.

refer to these sections generally as the Political Subdivision Tort Claims Act.

Appellant's amended complaint makes the following relevant allegations:

4. At all times relevant hereto, Defendant Czarnecki was the owner and keeper of a 175 pound Timber Wolf ("wolf" hereinafter). . . .

8. Within two years prior to the events complained of herein Whitemarsh Township Police had possession and control of said wolf and knew or should have known of the presence of the wolf in Whitemarsh Township thereafter, having captured the wolf and returned it to Czarnecki. . . .

13. Defendant Czarnecki is absolutely liable for the injuries caused by his wolf because the wolf was a wild and dangerous animal. . . .

15c. In returning the wolf to Defendant Czarnecki, the employees of Whitemarsh Township were guilty of willful misconduct.

Upon reviewing the trial court's ruling, we are mindful that preliminary objections in the nature of a demurrer admit as true all facts which are well pleaded and all inferences reasonably deducible therefrom. *Calandra v. State College Area School District et al.*, 99 Pa. Commonwealth Ct. 223, 512 A.2d 809 (1986). Furthermore, a demurrer will not be sustained unless it appears from the face of the pleading that the law will not permit the recovery sought by the pleading party. *Bryson v. Solomon*, 97 Pa. Commonwealth Ct. 530, 510 A.2d 377 (1986).

The Political Subdivision Tort Claims Act controls governmental immunity from tort liability. The Act is structured to provide blanket immunity[2] to governmen-

---

[2] 42 Pa. C. S. §8541.

tal agencies[3] with certain limited exceptions specified exclusively in the following Section:

8542.   Exceptions to governmental immunity

(a)   Liability imposed.—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1)   The damages would be recoverable under common law [or by statute] if the injury were caused by a person [not granted immunity under the Act]; and

(2)   The injury was caused by the negligent acts of the agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes . . . willful misconduct.[4]

Section 8542(b) then lists by category eight exceptions to governmental immunity for the negligent acts of a local agency or employee acting within the scope of his employment. For purposes of the case at bar, the only relevant exception[5] is Section 8542(b)(8):

---

[3] 42 Pa. C. S. §8501 defines "local agency", as "A government unit other than the Commonwealth government. The term includes an intermediate unit." In the matter before us, therefore, the Township is a local agency by definition.

[4] Since exception to governmental immunity is limited to negligence, and negligence is specifically defined as to exclude acts of willful misconduct, the Township remains immune from the allegations set forth in line 15c of the complaint which asserts willful misconduct on the part of Township employees. See Miller v. Emelson, 103 Pa. Commonwealth Ct. 437, 520 A.2d 913 (1987).

[5] The other exceptions are: vehicle liability; care, custody and control of personal property; real property; trees, traffic controls and street lighting; utility service facilities; streets; and sidewalks.

(b)   Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

(8)   *Care, custody or control of animals.*—The care, custody or control of animals in the possession or control of a local agency, including but not limited to police dogs and horses. Damages shall not be recoverable under this paragraph on account of any injury caused by wild animals, including but not limited to bears and deer, except as otherwise provided by statute.

The statute clearly extends immunity to the Township for injury caused by wild animals. The question remains as to whether a "175 pound Timber Wolf" should properly be considered a wild animal under this paragraph. While the Tort Claims Act does not contain a definition for wild animals, Section 101 of The Game Law[6] defines wild animals to include "all animals other than domestic animals", and Section 418 of The Game Law (which controls issuance of permits to individuals to possess wildlife) provides: "Whenever used in this section, the word wildlife, shall mean all bears, all coyotes, all lions, all tigers, all leopards, all jaguars, all cheetahs, all cougars, *all wolves,* and any crossbreed of such animals which have similar characteristics of the animals specified herein." (Emphasis added.) We conclude that a wolf is a wild animal for purposes of governmental immunity in 42 Pa. C. S. §8542(b)(8), and, therefore, that the Township is immune from liability for any negligence resulting in the injuries alleged in the amended complaint.[7]

---

[6] Act of June 3, 1937, P.L. 1225, *as amended,* 34 P.S. §1311.101.

[7] Since the Township is immune from liability due to the wolf's status as a wild animal, we need not consider the issue of whether the wolf was in the possession or control of the Township at the time of the alleged injury.

Accordingly, we will affirm the trial court in sustaining the Township's preliminary objections.

ORDER

AND NOW, May 26, 1987, the order of the Court of Common Pleas of Montgomery County in sustaining the preliminary objections of Whitemarsh Township in the above-captioned matter is affirmed.