Leonard **GALLICK** and Sonina Gallick, his wife, Individually and as Parents and Natural Guardians of Brittany Gallick, a Minor, Plaintiffs,

v.

Bruce **BARTO** and Betty Barto, his wife, Defendants and Third–Party Plaintiffs,

v.

Leonard **GALLICK** and Sonina Gallick, his wife, Individually and as Parents and Natural Guardians of Brittany Gallick, a Minor, Third–Party Defendants,

and

Shawnee Miller and Todd Long, Third–Party Defendants.

No. 4:CV–92–1426.

United States District Court, M.D. Pennsylvania.

Aug. 6, 1993.

Joseph F. Orso, III, Casale & Bonner, Williamsport, PA, for plaintiffs and third-party defendants Gallicks.

John A. Mihalik, Bloomsburg, PA, for defendants and third-party plaintiffs Bartos.

John P. Pietrovito, Muncy, PA, for third-party defendant Miller.

Amy F. Ershler, Susquehanna Legal Services, Williamsport, PA, for third-party defendant Long.

R. Matthew Patch, Williamsport, PA, for Ferret Unity and Registration Organization of Elon College, N.C., Lehigh Valley Ferret Ass'n of Harrisburg, Pa., American Ferret Ass'n of Frederick, MD, Path Valley Farms of Willow Hill, PA, and League of Independent Ferret Enthusiasts of Burke, VA.

## *ORDER # 1*

McCLURE, District Judge.

### *BACKGROUND:*

On March 8, 1991, plaintiff Brittany Gallick, an infant then aged seven months, was bitten on and about the face by a ferret owned by Shawnee Miller and Todd Long. The bites left open wounds which have left scars on the face of Brittany. Her parents, Leonard and Sonina Gallick, initiated this action to recover for Brittany's injuries. Originally, the defendants were Bruce and Betty Barto, the landlords of Miller and Long. They raised affirmative defenses against the Gallicks, and eventually Miller and Long were joined as third-party defendants. The Gallicks also have been named as third-party defendants.

Before the court is a motion to intervene filed by: Ferret Unity and Registration Organization of Elon College, North Carolina; Lehigh Valley Ferret Association of Harrisburg, Pennsylvania; American Ferret Association of Frederick, Maryland; Path Valley Farms of Willow Hill, Pennsylvania; and League of Independent Ferret Enthusiasts of Burke, Virginia. The motion is filed pursuant to Fed.R.Civ.P. 24(a), (b). Included in the motion to intervene is a motion for a stay of these proceedings.

The ground raised for this motion is that the court did not have before it expert testimony concerning the nature of ferrets, to be used in the court's determination of whether or not a ferret is a wild animal. Movants claim that they will be adversely affected by the court's determination that, under Pennsylvania law, ferrets are wild animals for purposes of personal injury actions.

*DISCUSSION*:

In pertinent part, Fed.R.Civ.P. 24 reads as follows:

**Rule 24. Intervention**

**(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

**(b) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The motion for intervene will be denied for four reasons. First, it is not timely. Second, the interest which movants assert is not an interest relating to the property or transaction which is the subject of this litigation. Third, the facts and procedural posture of this case weigh against permissive intervention. And fourth, the proffered scientific evidence is not relevant to our determination that ferrets are wild animals under Pennsylvania law, which was an interpretation of clear statutory language and case law.

### A. TIMELINESS

The motion to intervene was filed on August 5, 1993. On the same date, the court was notified by the parties to this action that a settlement agreement had been reached. For that reason alone, there is no longer a case in which to intervene.

Had the case not settled, the motion would, nevertheless, have been untimely. The jury was selected August 2, 1993, and the case was then scheduled to be presented to the jury August 9, 1993 or, at the latest, August 10, 1993. When selected, the jurors were expressly cleared for availability the week of August 9, and no other, and the parties are prepared for trial. To allow intervention at this critical time would emasculate any sense of proper ordering of this court's business and the timely adjudication of the dispute of these litigants.

### B. INTERVENTION OF RIGHT

■ As set forth above, Rule 24(a) states that the court must permit a party to intervene if the party "claims an interest relating to the property or transaction which is the subject of the action ..."

[A] person may intervene as of right if (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in litigation.

*Harris v. Reeves,* 946 F.2d 214, 219 (3d Cir. 1991) (citing *Harris v. Pernsley,* 820 F.2d 592, 596 (3d Cir.), *cert. denied,* 484 U.S. 947, 108 S.Ct. 336, 98 L.Ed.2d 363 (1987)), *cert. denied sub nom. Abraham v. Harris,* —— U.S. ——, 112 S.Ct. 1516, 117 L.Ed.2d 652 (1992). As noted above, this action is not timely.

■ Moreover, the applicants do not have a sufficient interest in the outcome. While not specifically defined, a "sufficient interest" is one which is "significantly protectable," "legally protectable," and "direct." *Id.* (citing *Harris v. Pernsley,* 820 F.2d at 596–597).

The present action is wholly between the parties named in the caption. It was the ferret belonging to Shawnee Miller and Todd Long which allegedly injured Brittany Gallick. She alleges claims based upon physical injuries, medical expenses, and pain and suffering. The premises on which the incident occurred belong to Bruce and Betty Barto. Brittany's parents, Leonard and Sonina Gallick, are alleged to have been negligent as well. None of the movants can claim an interest relating to the property at issue, or the transaction, which is the alleged attack upon Brittany.

Any interest of the movants is contingent upon their members being sued in the future for injuries caused by ferrets owned by the members. The movants themselves would not even be liable, unless the organizations own the ferrets themselves. And the potential litigation may never come to pass. Every potential tortfeasor does not have the right to intervene in any case which may have an impact on an uncommitted tort.

In short, the movants do not have a direct interest in the outcome of this litigation, and have claimed an interest only in one particular ruling. That ruling does not affect them directly, and may never affect them at all. Movants may not intervene as of right under Rule 24(a).

### C. PERMISSIVE INTERVENTION

As the language of Rule 24(b) suggests, a district court has discretion when considering a motion for permissive intervention. *See also Harris v. Pernsley, supra,* 820 F.2d at 597; *Brody v. Spang,* 957 F.2d 1108, 1124 (3d Cir.1992). The applicants here have no claim or defense, since they are not involved in any suit. Moreover, there has already been a settlement reached between the parties, and the motion is otherwise most untimely, coming after jury selection and only four or five days prior to scheduled presentation of the case to the jury. Finally, as set forth below, the proffered evidence which movants seek to present is not relevant to the determination they seek to challenge.

We therefore exercise our discretion and deny permissive intervention, since intervention by these parties can only detract from these proceedings. It is crystal clear that to allow intervention at this stage of the proceedings would unduly delay *and* prejudice the adjudication of the rights of the original parties.

### D. SCIENTIFIC EVIDENCE

Finally, movants relate in their motion that the court's finding that ferrets are wild animals is unsubstantiated by scientific evidence of record. They therefore offer to provide the testimony of experts in the ferret field to guide the court.

This testimony is irrelevant to the determination made by the court, however, as a more careful reading of our memorandum and order of July 26, 1993, would reveal. The central part of our reasoning is set forth at pages seven through nine of that memorandum, under the heading, "B. PENNSYLVANIA LAW ON WILD ANIMALS." It is clear from that section that Pennsylvania law controls the question presented. While apparently no Pennsylvania court has considered the question of whether ferrets are wild animals, courts of the Commonwealth have considered, generally, how to determine whether an animal is wild.

In *Deluca v. Whitemarsh Twp.,* 106 Pa. Cmwlth. 325, 526 A.2d 456 (1987), the Commonwealth Court looked to the Game Law, 34 Pa.Stat.Ann. §§ 1311.1 et seq. (Purdon 1967), since repealed. In *Holmes v. Borough of Lansdowne,* 9 Pa.D. & C. 4th 344 (1991), the Court of Common Pleas, based upon *Deluca,* looked to the statute which replaced the Game Law, the Game and Wildlife Code, enacted as Title 34 of the Pennsylvania Statutes Annotated. That Act defines wild animals as any animal which is not domestic under 1 Pa.Cons.Stat.Ann. § 1991. Ferrets are not included in the section defining domestic animals, and so must be considered wild animals under Pennsylvania law.

We recognize that the courts of the Commonwealth of Pennsylvania may not agree with our opinion, since we are deciding the issue before they have considered it. However, we must, in essence, predict the way in which the state courts will reach their conclusions, and we must base that prediction upon the manner in which Pennsylvania courts have ruled in the past. The proffered expert testimony would not change our reading of the law of Pennsylvania, since the courts look to statutory language, and only the Pennsylvania legislature can change that language. The proffered testimony, therefore, would have been immaterial to our determination that ferrets are wild animals for purposes of personal injury actions in Pennsylvania. It follows, then, that intervention by these parties would serve no legitimate purpose.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The motion (record document no. 84) to intervene as defendants filed by the above-named movants is denied.

2. The motion (record document no. 84) for a stay of proceedings is denied as moot.