**Nancy Lynn SAKACH**

v.

**CITY OF PITTSBURGH, Department of Parks and Recreation, The Pittsburgh Zoo and The Pittsburgh Aqua Zoo, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1996.

Decided Dec. 24, 1996.

---

James F. Petraglia, Pittsburgh, for appellants.

Gina M. Campisano, Pittsburgh, for appellee.

Before SMITH and LEADBETTER, JJ., and SILVESTRI, Senior Judge.

LEADBETTER, Judge.

The City of Pittsburgh, Department of Parks and Recreation, The Pittsburgh Zoo and The Pittsburgh Aqua Zoo (collectively referred to as the City) appeal from an order of the Court of Common Pleas of Allegheny County which denied the City's motions for post trial relief, entering judgment against it and in favor of Nancy Lynn Sakach (Sakach). We reverse.

In March 1990, Sakach was working as a volunteer assistant in the Pittsburgh Aqua Zoo's dolphin training program. At that time, the Aqua Zoo had a male South American River Dolphin, known as "Chuckles," on exhibit. As a volunteer assistant, Sakach's duties included preparing for Chuckles' training sessions by bringing the dolphin's toys and food to the training area, cleaning up after training sessions and keeping records. The only direct contact that Sakach had with the dolphin occurred when, upon request of the dolphin trainer, she would brush him with a hand held scrub brush while sitting on a rocky ledge beside the water.

At the end of a training session on March 16, 1990, the dolphin trainer directed Sakach to brush Chuckles, who was floating belly up at the side of the tank. As Sakach stood up after brushing the dolphin, Chuckles flipped over, reached out of the water and grabbed Sakach by the hand. Although Sakach was able to loosen the dolphin's grip by fluttering her fingers, Chuckles did succeed in biting off the tip of a finger.

Sakach subsequently commenced a civil action against the City setting forth causes of

action in negligence and strict liability. The City filed an answer and new matter in which it averred, *inter alia*, that it was immune from suit pursuant to Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541.[1] The matter proceeded to trial and the City, in a motion for compulsory nonsuit, again raised the defense of immunity. The motion was denied and, at the completion of trial, the court entered a verdict in favor of Sakach in the approximate amount of $50,000.00.

In its opinion accompanying the award of damages, the trial court indicated that it found the City negligent and that such negligence was a substantial factor in causing Sakach's injuries. The court also addressed the City's immunity defense and held that Section 8542(b)(8) of the Judicial Code, 42 Pa.C.S. § 8542(b)(8)[2], created an exception to governmental immunity for injuries caused by wild animals in the care, custody and control of the local agency. Accordingly, since the court found that the City had care, custody and control of the dolphin at the time the injury occurred, it concluded that the City was not immune from liability.

■ The City filed motions for post-trial relief, requesting the entry of judgment in its favor or, in the alternative, a new trial. In its motions, the City once again raised the defense of immunity. The trial court denied the motions and, in doing so, it relied on its prior opinion with respect to issue of the City's immunity. The instant appeal followed. On appeal, the City contends, *inter alia*, that the trial court erred, as a matter of law, in concluding that the City was liable for Sakach's injuries under the exception to im-

munity set forth in Section 8542(b)(8).[3] Based upon the issue before us, our scope of review is limited to a determination of whether the trial court committed an error of law in denying the City's motions for post-trial relief. *Kennedy v. City of Philadelphia*, 160 Pa.Cmwlth. 558, 635 A.2d 1105, 1107 n. 2 (1993), *affirmed*, 540 Pa. 527, 658 A.2d 788 (1995). We exercise plenary review over issues of law.

■ In order for a local agency to be held liable under an exception to immunity, a plaintiff must establish that (1) his or her damages would be recoverable under statutory or common law if the injury were caused by a person unprotected by governmental immunity; and (2) the negligence of the local agency falls within one of the exceptions to immunity set forth in Section 8542(b). *Id.* 635 A.2d at 1108, n. 4. Moreover, in determining whether liability exists pursuant to an exception to immunity, we keep in mind that the statutory exceptions set forth in Section 8542(b) must be narrowly construed given the Legislature's intent to insulate local agencies from liability. *Farber v. Pennsbury School District*, 131 Pa.Cmwlth. 642, 571 A.2d 546, 548 (1990).

■ The parties stipulated that Chuckles, a South American River Dolphin, is a wild animal.[4] The statutory exception to immunity for injuries caused by animals in the care, custody or control of the local agency clearly does not apply to injuries caused by wild animals. The express language of Section 8542(b)(8) states that damages "shall not be recoverable under this [exception] on ac-

---

1. Section 8541 provides as follows:

    Except as provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

2. Section 8542(b)(8) provides, in relevant part:

    **(b) Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

    . . . . .

    (8) Care, custody or control of animals.— The care, custody or control of animals in the possession or control of a local agency,

including but not limited to police dogs and horses. *Damages shall not be recoverable under this paragraph on account of any injury caused by wild animals, including but not limited to bears and deer, except as otherwise provided by statute.* (Emphasis added).

3. It is not necessary for us to address the other issues raised on appeal due to our resolution of the governmental immunity issue.

4. Throughout her complaint, Sakach repeatedly refers to the dolphin as a wild, untamed or undomesticated animal. In addition, the City admits in its response to request for admissions that the dolphin is a "wild" animal.

count of any injury caused by wild animals." Thus, once it is determined that the injury at issue has been caused by a wild animal, it is irrelevant whether that animal is in the care, custody or control of the local agency at the time the injury occurred. *See Deluca v. Whitemarsh Township,* 106 Pa.Cmwlth. 325, 526 A.2d 456, 458 n. 7 (1987)(Since the local agency is immune from liability due to the wolf's status as a wild animal, this Court need not consider whether the wolf was in the possession or control of the local agency at the time the injury occurred.). Since Sakach's injuries were caused by a wild animal, the exception to governmental immunity set forth in Section 8542(b)(8) does not apply and the City, pursuant to Section 8541, is immune from liability.

 The only authority cited by plaintiff or relied upon by the trial court for a different result is dictum in *Monzo v. Department of Transportation,* 124 Pa.Cmwlth. 360, 556 A.2d 493 (1989). In that case, the trial court entered judgment on the pleadings for the Pennsylvania Department of Transportation on the basis of sovereign immunity [5] because the plaintiff's injuries were caused by a wild deer. Although this court reversed on appeal for other reasons, we stated that the Commonwealth is only liable for harm caused by wild animals where such are in the care, custody and control of the Commonwealth. Any suggestion in *Monzo* that the Commonwealth is not immune from damages caused by a wild animal in the Commonwealth's care is dictum which does not control this case [6]

and is directly contravened by the plain language of Section 8522(b)(6).

Because we find that the trial court committed an error of law in failing to grant the City's motion for judgment non obstante veredicto on the defense of governmental immunity, we reverse.

### *ORDER*

AND NOW, this 24th day of December, 1996, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed.

---

**5.** 42 Pa.C.S. § 8521. Section 8522(b)(6) is similar to 42 Pa.C.S. § 8542(b)(8) in that it provides an exception to sovereign immunity for damages caused by animals in the possession or control of a Commonwealth party. Indeed, the language relevant here is identical. Section 8522(b)(6) states, in pertinent part:

> **(b) Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

> . . . . .

> **(6) Care, custody or control of animals.**—The care, custody or control of animals in the possession or control of a Commonwealth party, including but not limited to

police dogs and horses and animals incarcerated in Commonwealth agency laboratories. *Damages shall not be recoverable under this paragraph on account of any injury caused by wild animals, including by not limited to bears and deer, except as otherwise provided by statute.*
(Emphasis added).

**6.** Dictum interpreting a statute is not controlling and is entitled to consideration only in a close or doubtful case, which this is not. *See e.g., U.S. Steel Co. v. County of Allegheny,* 369 Pa. 423, 434, 86 A.2d 838, 843 (1952). In addition, of course, *Monzo* dealt with the sovereign immunity statute while we deal here with its governmental immunity counterpart. This distinction is of little moment, however, since the relevant statutory language is identical.